Karen Luong
karen.luong@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
213.337.6559

Jennifer E. Hoekel*
jennifer.hoekel@huschblackwell.com
Brendan G. McDermott*
brendan.mcdermott@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
314.480.1500

Matthew M. Kamps*
matt.kamps@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
312.655.1500

**Pro Hac Vice Forthcoming*

***Attorneys for Plaintiff***
***HBI BRANDED APPAREL ENTERPRISES, LLC***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| HBI Branded Apparel Enterprises, LLC<br>*Plaintiff,*<br><br>v.<br><br>STATESIDE MERCHANTS, LLC (D/B/A PAIR OF THIEVES)<br><br>*Defendant.* | Case No. 2:23-cv-10528<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff HBI Branded Apparel Enterprises, LLC ("Plaintiff" or "HBI"), by and through its attorneys, hereby alleges as follows for its Complaint against Defendant Stateside Merchants LLC (d/b/a Pair of Thieves) ("Defendant" or "POT"):

## INTRODUCTION

1. HBI is a worldwide marketer and distributor of everyday apparel, known and loved by consumers around the world for comfort, quality, and value. Among its various brands, the iconic Hanes® brand is the leading basic apparel brand in the United States.

2. As a part of its ongoing commitment to comfort, HBI set out to design men's underwear that provide all-day comfort and support. As a part of those efforts, HBI developed its Total Support Pouch® Men's undergarments – which are at issue in this case and shown below (inside out view).



3. The Total Support Pouch® Men's undergarments include but are not limited to Hanes Sport™ Men's X-Temp® Total Support Pouch® Long Leg Boxer Brief and Hanes Ultimate® Comfort Flex Fit® Total Support Pouch® Boxer Brief

products currently sold under the Hanes brand. HBI's cutting-edge advancements in Total Support Pouch® Men's undergarments led HBI to file and receive patents, covering various inventive aspects of its products. At least two such patents, U.S. Patent No. 10,986,877 (the "'877 Patent") and U.S. Design Patent No. D894,530 (the "'530 Patent") (collectively the "Asserted Patents"), are at issue here.

4. Underscoring the value of the Total Support Pouch® designs, HanesBrands Inc.'s original launch of the Total Support Pouch® products, was one of its largest ever, generating over $47.6 MM in sales in 2021. In 2022, with the launch of the X-Temp® Total Support Pouch® products, HanesBrands Inc. sold over $98.8 MM.

5. Defendant Stateside Merchants LLC (d/b/a Pair of Thieves) ("POT") competes with HBI in the same markets and has developed and is marketing undergarments under the name Men's Hustle Boxer Briefs ("POT Hustle Briefs"). Images (inside out) of the POT Hustle Briefs are shown below compared with the HBI TSP products.





HBI TSP Patented Brief



POT Infringing Boxer Brief

6. The POT Hustle Briefs incorporate HBI's innovative and patented technology. The POT Hustle Briefs directly infringe HBI's '877 and '530 patents.

7. By making, selling, offering for sale, and importing into the United

States its competing line of boxer briefs, Defendant POT has infringed, and continues to infringe HBI's owned and exclusively licensed '877 and '530 patents asserted herein.

8. Defendant POT's misconduct has caused and is causing damage and irreparable harm, for which HBI respectfully seeks relief.

9. Plaintiff HBI seeks to prevent Defendant POT from continuing infringement of its patent rights. Plaintiff HBI further seeks monetary damages and prejudgment interest for Defendant's past infringement of the '877 and the '530 Patents.

## THE PARTIES

10. Plaintiff HBI is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1000 East Hanes Mill Road, Winston-Salem, NC, 27105.

11. On information and belief, Defendant POT is a California corporation with a principal place of business at 5813 Washington Blvd Culver City, CA, 90232, that has engaged, and is engaging, in business in California and in this judicial district.

## NATURE OF THIS ACTION

12. This is a patent infringement action brought under Title 35, United States Code, Section 271, to remedy Defendant POT's infringement of Plaintiff HBI's patented inventions.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over POT because, on information and belief, POT is a corporation duly organized and existing under the laws of the State of California. POT also has committed acts within this state that give rise to

this suit, on information and belief, including importing, making, using, offering to sell, or selling infringing products such as those identified in this Complaint. Exercising personal jurisdiction over POT is appropriate and reasonable under the circumstances.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because, on information and belief, POT is a corporation duly organized and existing under the laws of the State of California, and on information and belief, POT, conducts regular and substantial business in this judicial district, and has committed acts within this judicial district that give rise to this suit, including importing, making, using, offering to sell, or selling infringing products such as those identified in this Complaint.

## THE ASSERTED PATENTS

### The ’877 Patent: “Lower Torso Garment with Support Element”

16. On April 13, 2017, United States Patent Application No. 16/090,539 (“the ’539 application) was filed with the United States Patent and Trademark Office (the “USPTO”). The named inventors are: Sherry E. Kimel, Tasha R. Perry, Rachel I. Erickson, and Melissa A. Coleman.

17. On April 27, 2021, the USPTO duly issued the ’877 Patent, entitled “Lower Torso Garment with Support Element” from the ’539 application. A true and correct copy of the ’877 Patent is attached hereto as Exhibit 1.

18. HBI holds all substantial rights and interests in and to the U.S. Patent No. 10,986,877 (the “’877 Patent”), including all rights to recover for all past, present, and future infringements thereof.

19. The ’877 Patent is currently in full force and effect.

### The ‘530 Patent: “Support Element for Underwear”

20. On May 11, 2020, United States Design Patent Application No. 29/734,324 (“the ’324 application) was filed with the USPTO. The named inventors are: Tasha R. Perry, Sherry E. Kimel, and Jennifer Marie Yerkes.

21. On September 20, 2020, the USPTO duly issued the ’530 Patent, entitled “Support Element for Underwear” from the ’324 application. A true and correct copy of the ’530 Patent is attached hereto as Exhibit 2.

22. HBI holds all substantial rights and interests in and to the U.S. Patent No. 894,530 (the “’530 Patent”), including all rights to recover for all past, present, and future infringements thereof.

23. The ’530 Patent is currently in full force and effect.

**POT’S INFRINGING PRODUCTS – POT HUSTLE BRIEFS**

24. POT sells infringing products named Men’s Hustle Boxer Brief’s (“POT Hustle Brief”).

25. POT sells at least the infringing POT Hustle Briefs at its own website (https://pairofthieves.com/products/paper-dolls-2pk-boxer-brief).

26. A depiction of an inside out view of the infringing POT Hustle Briefs obtained from POT’s website is shown below:



27. On information and belief, POT sells other products similar to the POT Hustle Briefs.

**COUNT ONE**

**PATENT INFRINGEMENT – U.S. PATENT NO. 10,986,877**

28. HBI restates and realleges each of the allegations set forth above and incorporates them herein.

29. POT has infringed, directly or indirectly, and continues to infringe, at least claim 1 of the '877 patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the POT Hustle Briefs.

30. On information and belief, POT has made, sold, and offered for sale, and continues to make, sell, and offer for sale, the POT Hustle Briefs, including on its website. *See, e.g.*, https://pairofthieves.com/search?q=hustle&options%5Bprefix%5D=last.

31. The POT Hustle Briefs practice each and every limitation of Claim 1 of the '877 patent. Specifically, Claim 1 of the '877 patent recites:

- 1a. A lower torso garment comprising:
- 1b. a body portion
- 1c. left leg portion comprising a first leg opening at a lower longitudinal end of the left leg portion, and
- 1d. a right leg portion comprising a second leg opening at a lower longitudinal end of the right leg portion;
- 1e. a front pouch disposed about a front region of the body portion;
- 1f. a gusset positioned at a bottom of the body portion between the two leg portions of the body portion, the gusset connected to the front pouch with a bottom horizontal seam at a bottom of the front pouch; and
- 1g. a support sling connected to the front pouch, the support sling comprising:
- 1h. a left fabric panel comprising a first laterally outside edge extending along a left side periphery of the front pouch and comprising a first inner edge connected to and extending

from the bottom horizontal seam toward a top of the front pouch; and

- 1i. a right fabric panel comprising a second laterally outside edge extending along a right side periphery of the front pouch and comprising a second inner edge connected to and extending from the bottom horizontal seam toward the top of the front pouch;
- 1j. wherein a first portion of the left fabric panel overlaps a first portion of the right fabric panel at an overlap area, the overlap area positioned adjacent to the bottom horizontal seam at the bottom of the front pouch and the bottom horizontal seam is entirely above the first leg opening and the second leg opening.

32. The POT Hustle Briefs infringe at least Claim 1a as follows[1]:




[1] The images depicting the infringing POT Boxer Brief were obtained from a Pair of

33. The POT Hustle Briefs infringe at least Claim 1b as follows:




34. The POT Hustle Briefs infringe at least Claim 1c as follows:




35. The POT Hustle Briefs infringe at least Claim 1d as follows:

---

Thieves Hustle Boxer Brief as listed on https://pairofthieves.com/products/paper-dolls-2pk-boxer-brief (Purchased online). As of the filing of this complaint, POT appears to have removed or deleted the foregoing webpage.

Right Leg Portion

Opening at Lower longitudinal end of right leg portion

36. The POTs Boxer Briefs infringe at least Claim 1e as follows:




37. The POT Hustle Briefs infringe at least Claim 1f as follows:




38. The POT Hustle Briefs infringe at least Claim 1g as follows:



39. The POT Hustle Briefs infringe at least Claim 1h as follows:

Support Sling

Inside of Front Pouch

40. The POT Hustle Briefs infringe at least Claim 1i as follows:



41. The POT Hustle Briefs infringe at least Claim 1j as follows:



42. On information and belief, POT was on notice of the ’877 patent at least as early as January 13, 2023, and knew or should have known that the POT Hustle Briefs infringe the ’877 patent.

43. On information and belief, POT also induces infringement of retailers by knowingly aiding and abetting the direct infringement of retailers by encouraging retailers to import, offer for sale, and resell the infringing POT Hustle Briefs in violation of 35 U.S.C. Section 271(b).

44. On information and belief, POT’s actions included the specific intent to induce such retailers to direct infringe, by importing, offering for sale, and reselling, the infringing POT Hustle Briefs.

45. POT's acts of infringement have caused damage to HBI, and HBI is entitled to recover from POT damages sustained as a result of POT's infringement of the '877 patent.

46. POT's acts of infringement have caused, and will continue to cause, irreparable harm to HBI.

## COUNT TWO

## PATENT INFRINGEMENT – U.S. PATENT NO. D894,530

47. HBI restates and realleges each of the allegations set forth above and incorporates them as if fully set forth herein.

48. POT has infringed, directly or indirectly, and continues to infringe, the '530 patent, literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the POT Hustle Briefs with the same ornamental design claimed and shown in the '530 patent.

49. The claimed ornamental design for the Support Element for Underwear shown and described in part as follows in Figure 6:



50. The POT Hustle Briefs are substantially similar to the patented design such that an ordinary observer would view them as such.



51. An ordinary observer would be induced to purchase the POT Hustle Brief shown in the above paragraph, assuming the POT Hustle Brief support element to be the same support element for that depicted in the ’530 patent (shown in Paragraph 49).

52. On information and belief, POT was on notice of the ’530 patent at least as early as January 13, 2023, and knew or should have known that the POT Hustle Briefs infringe the ’530 patent.

53. On information and belief, POT also induces infringement of retailers by knowingly aiding and abetting the direct infringement of retailers by encouraging retailers to import, offer for sale, and resell POT Hustle Briefs with the same ornamental design claimed and shown in the ’530 patent in violation of 35 U.S.C. Section 271(b).

54. On information and belief, POT’s actions included the specific intent to induce such retailers to direct infringe, by importing, offering for sale, and reselling, POT Hustle Briefs with the same ornamental design claimed and shown in the ’530 patent.

55. POT's acts of infringement have caused damage to HBI, and HBI is entitled to recover from POT damages sustained as a result of POT's infringement of the '530 patent.

56. POT's acts of infringement have cause, and will continue to cause, irreparable harm to HBI.

## JURY DEMAND

57. Pursuant to Rule 38(b), Fed. R. Civ. P., HBI Branded Apparel Enterprises, LLC. respectfully demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

58. **WHEREFORE**, Plaintiff HBI respectfully requests that the Court enter judgment in favor of HBI and against POT, granting the following relief:

A. A judgment in favor of HBI that POT has infringed the '877 patent;

B. A judgment in favor of HBI that POT has infringed the '530 patent;

C. Preliminary and permanent injunctions enjoining Defendant, its agents, servants, and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the Asserted Patents;

D. Award Plaintiff past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Asserted Patents in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

E. Award Plaintiff its costs, disbursements, attorneys' fees;

F. Award Plaintiff prejudgment and post-judgment interest to the maximum extent provided under the law; and

G. Award Plaintiff such further and additional relief as is deemed appropriate by this Court.

Dated: December 15, 2023

Respectfully Submitted,

*/s/ Karen Luong*

Karen Luong
karen.luong@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
213.337.6559

Jennifer E. Hoekel*
jennifer.hoekel@huschblackwell.com
Brendan G. McDermott*
brendan.mcdermott@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
314.480.1500

Matthew M. Kamps*
matt.kamps@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
312.655.1500

**Pro Hac Vice Forthcoming*

***Attorneys for HBI Branded Apparel Enterprises, LLC***